UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY BOUNTHON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 23-cv-00765-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 82 |

This is a putative class action about the mislabeling of the Procter & Gamble Company's "Tampax Pure Cotton*" tampon products. Procter & Gamble moves to dismiss Plaintiffs' third amended complaint. ECF 82 ("Mot."). Plaintiffs oppose. ECF 85 ("Opp."). This order assumes familiarity with Plaintiffs' factual allegations, the parties' briefing, and the procedural history of the case. For the reasons set forth below, the motion is **GRANTED**, and the third amended complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

According to Plaintiffs, "[t]his is only an omissions-based case insofar as Defendant's omission of the presence of organic fluorine renders its affirmative representation of '100% organic cotton' literally false." Opp. at 13; *see also* ECF 80 ("TAC") ¶ 69 ("Regardless of its source, the presence of organic fluorine contradicts all of Defendant's uniform marketing of the Tampon Products as pure and organic."). While this is a new theory from the one underpinning the prior iterations of Plaintiffs' complaints, it nonetheless fails for the same reason that resulted in dismissal of those pleadings.

As in prior complaints, Plaintiffs' allegations that organic fluorine is present in the tampon products are implausible. Plaintiffs' instant allegations that organic fluorine was present in the products continue to rest on testing. Plaintiffs allege they "sought independent third-party testing

from a certified laboratory to confirm the presence of organic fluorine in the Tampon Products using Total Organic Fluorine ('TOF') analysis." TAC ¶ 60. They allege the testing "measures fluorine that originates from any substance where fluorine is attached to a carbon backbone[]" and "accounts for and excludes any ionic fluoride that might be present in municipal water supplies for dental hygiene." *Id.* ¶¶ 61-62. Plaintiffs also allege that the "testing uniformly showed that the finished Tampon Products, and each of their individual components, contained organic fluorine." *Id.* ¶ 64. Plaintiffs further allege that "[t]he amount organic fluorine detected in the Tampon Product samples was above trace amounts and well within the detection limits." *Id.* ¶ 66.

As the Court explained in the order dismissing the first amended complaint in a related case:

> The testing allegations are cursory, providing no specificity as to the results reached or any other findings that would support Plaintiffs' interpretation of those results. As such, these allegations are devoid of the factual content necessary to nudge Plaintiffs' claims, based on the theory that [Defendant's] tampons contain PFAS, from possible to plausible.

*Lowe v. Edgewell Personal Care Company*, Order at 9, ECF 59 (Jan. 12, 2024);[1] *see also Bounthon v. Procter & Gamble Co.*, No. 23-CV-00765-AMO, 2024 WL 4495501, at *8 (N.D. Cal. Oct. 15, 2024) (explaining how documents incorporated by reference rendered plaintiffs' allegations about the presence of organic fluorine implausible). So too here. That Plaintiffs have now replaced "PFAS" with "organic fluorine" do not make the testing's flaws, and consequently, the finding that any allegations based on that testing are implausible, any less applicable now. The TAC here, as the complaint in *Lowe*, "contain[s] no allegations about whether the organic fluorine [*sic*] may be indicative of natural sources . . . or is largely, if not exclusively, linked to forever chemicals[,]" or, as alleged here, some unspecified man-made chemical or contaminant. *See Lowe*

---

[1] Plaintiffs' counsel commenced a trio of mislabeling cases, all based on similar allegations, in February 2023: *Bounthon v. Procter & Gamble Company*, No. 23-cv-00765-AMO (N.D. Cal. filed Feb. 21, 2023); *Lowe v. Edgewell Personal Care Company*, No. 23-cv-00834-AMO (N.D. Cal. filed Feb. 24, 2023), and *Mack v. Edgewell Personal Care Company*, No. 23-cv-00837-AMO (N.D. Cal. filed Feb. 24, 2023). After resolving a motion to dismiss in *Lowe*, the Court stayed that case and the *Mack* action while *Bounthon* proceeded. *See Lowe*, Order Setting Briefing Schedule & Staying Cases, ECF 69 (Mar. 21, 2025). Plaintiffs have since voluntarily dismissed the *Lowe* and *Mack*. *See Lowe*, Notice of Voluntary Dismissal, ECF 70 (Mar. 10, 2025); *Mack*, Notice of Voluntary Dismissal, ECF 71 (Mar. 10, 2025).

1   Order at 11.  Nor does the TAC "allege whether the presence or absence of any other substance
2   might bolster Plaintiffs' interpretation of their testing's findings."  *Id.*  And while the TAC is not,
3   as the *Lowe* complaint was, "silent as to the amount of organic fluorine detected," *see id.* at 10, the
4   bare allegation that Plaintiffs' testing detected "above trace amounts . . . well within the detection
5   limits" offers even less factual content than Plaintiffs' Second Amended Complaint, which the
6   Court found insufficient.  As such, the TAC fails to cure the deficiencies discussed in the Court's
7   prior orders.  This alone warrants dismissal.  The Court therefore need not reach Procter &
8   Gamble's remaining arguments.  Similarly, the Court need not consider the documents Procter &
9   Gamble attaches to its request for judicial notice, ECF 83, which the Court **DENIES AS MOOT**.
10  Because Plaintiffs have failed to cure the deficiencies outlined in the Court's prior orders despite
11  multiple attempts to amend, the Court finds that further amendment would be futile.  *See Nguyen*
12  *v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) ("[W]here the plaintiff has previously been
13  granted leave to amend and has subsequently failed to add the requisite particularity to its claims,
14  the district court's discretion to deny leave to amend is particularly broad.") (quoting *Zucco*
15  *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).  Accordingly, the TAC is
16  **DISMISSED WITHOUT LEAVE TO AMEND**.
17      **IT IS SO ORDERED.**
18  Dated: July 7, 2027

                                     **ARACELI MARTÍNEZ-OLGUÍN**
                                     **United States District Judge**